2019R00486/JF/CRM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| | : | Criminal Number: *19-917-KSH* |
| v. | : | |
| | : | 18 U.S.C. § 1343 |
| ARTHUR SCHWARTZ | : | 18 U.S.C. § 2 |
| | : | |

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNTS ONE THROUGH FOUR
(Wire Fraud – 18 U.S.C. § 1343)

#### Individuals

1.      At all times relevant to this Indictment:

        a.      Defendant Arthur Schwartz ("SCHWARTZ") was a resident of Fort Lee, New Jersey.

        b.      Victim-1 was a resident of Fort Lee, New Jersey.   In or around 2009, SCHWARTZ met Victim-1 through a religious institution located in Fort Lee, New Jersey.

#### The Scheme to Defraud

2.      Beginning at least as early as in or around February 2018 through in or around January 2019, in Bergen County, in the District of New Jersey and elsewhere, defendant

ARTHUR SCHWARTZ

knowingly and intentionally devised and intended to devise a scheme and
artifice to defraud Victim-1, and to obtain money and property by means of
materially false and fraudulent pretenses, representations, and promises,
which scheme and artifice was in substance as set forth below.

**Goal of the Scheme to Defraud**

3.    The goal of the scheme and artifice to defraud was for SCHWARTZ
to enrich himself by obtaining a purported $780,000 loan from Victim-1 to
purchase an apartment in Fort Lee, New Jersey, and to then avoid making
payments on the loan, through misrepresentations concerning both his ability
to repay the loan to Victim-1 and that payments were imminent.

**Manner and Means of the Scheme to Defraud**

4.    It was part of the scheme to defraud that:

a.    In or around February 2018, SCHWARTZ told Victim-1 that
he wanted to buy a unit in a Fort Lee apartment building ("Fort Lee
Apartment"), and falsely stated to Victim-1 that he possessed the money
necessary to purchase the Fort Lee Apartment in a bank account but that his
bank had temporarily blocked access to the account.

b.    Based upon SCHWARTZ's representations concerning his
financial ability to purchase the Fort Lee Apartment, Victim-1 subsequently
agreed to extend a loan to SCHWARTZ, and on or about February 21, 2018,
SCHWARTZ executed a promissory note in favor of Victim-1 for the principal

2

amount of $780,000 due and payable in 30 days ("the Loan").

        c.      On or about February 21, 2018, Victim-1 wired $780,000 to the account of a New Jersey law firm handling SCHWARTZ's closing on the Fort Lee Apartment.

        d.      In or around February 2018, SCHWARTZ closed on the purchase of the Fort Lee Apartment using, in part, the Loan obtained from Victim-1.

        e.      From in or around March 2018 to in or around May 2018, SCHWARTZ made false statements intended to lull Victim-1 into believing that money to pay down the Loan would be forthcoming.   For example:

           i.      On or about March 15, 2018, SCHWARTZ sent a text message to Victim-1 falsely stating that he had spoken to the CFO of PNC Bank ("PNC") about his purported account and that money from the account would be released some time that day.

          ii.      On or about March 16, 2018, SCHWARTZ sent a text message to Victim-1 falsely stating that he was turning investments in a trust account into cash for the benefit of Victim-1.

         iii.      On or about March 23, 2018, SCHWARTZ sent a text message to Victim-1 falsely stating that he received confirmation by fax from a "Trust bank" that money was being wired from his trust account to Victim-1's account.

         iv.      On or about March 27, 2018, SCHWARTZ sent an

3

email to Victim-1 intended to deceive Victim-1 into believing that SCHWARTZ had access to a Wells Fargo account with a balance of approximately $1.5 million and that SCHWARTZ could use that money to pay back Victim-1.

           v.        On or about April 12, 2018, SCHWARTZ sent a text message to Victim-1 falsely stating that funds were in the wire system and would be in Victim-1's account later that day.

           vi.        On or about April 24, 2018, SCHWARTZ sent a text message to Victim-1 falsely stating that PNC signed a check for the benefit of Victim-1 and sent the check by Federal Express to PNC's New York office.

           vii.        On or about April 27, 2018, SCHWARTZ left a voicemail on Victim-1's cell phone falsely stating that he would send Victim-1 confirmation numbers for a wire of funds to Victim-1's account at around 12:00 P.M. that day.

           viii.        On or about May 1, 2018, SCHWARTZ sent a text message to Victim-1 falsely stating that he had sent a wire to Victim-1's account.

           f.        From in or around June 2018 to in or around December 2018, SCHWARTZ spent tens of thousands of dollars on redecorating the Fort Lee Apartment rather than paying back the Loan.

           g.        SCHWARTZ's conduct resulted in approximately $780,000 in losses to Victim-1.

5.      On or about the dates set forth below, for the purpose of executing
and attempting to execute the scheme and artifice to defraud, in Bergen
County, in the District of New Jersey and elsewhere, defendant

ARTHUR SCHWARTZ

knowingly and intentionally transmitted and caused to be transmitted by
means of wire communications in interstate and foreign commerce certain
writings, signs, signals, pictures, and sounds, as set forth more fully below,
each such wire transmission constituting a separate count of this Indictment:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | February 21, 2018 | A wire transfer of approximately $780,000 from Victim-1's account at Fidelity Investments to an account at Lakeland Bank, which was processed through Federal Reserve facilities in New Jersey and Texas. |
| 2 | March 15, 2018 | A text message sent from SCHWARTZ in New Jersey to Victim-1 in Florida falsely stating that SCHWARTZ had spoken to the CFO of PNC about his account and money from the account would be released some time that day. |
| 3 | March 16, 2018 | A text message sent from SCHWARTZ in New Jersey to Victim-1 in Florida falsely stating that SCHWARTZ was liquidating investments in a trust account into cash for the benefit of Victim-1. |
| 4 | March 23, 2018 | A text message sent from SCHWARTZ in New Jersey to Victim-1 in Florida falsely stating that SCHWARTZ received confirmation by fax from a "Trust bank" that money was being wired from SCHWARTZ's trust account to Victim-1's account. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

1.      As the result of committing the offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Counts One through Four of this Indictment, defendant ARTHUR SCHWARTZ shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud offenses, and all property traceable thereto.

### Substitute Assets Provision

2.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third person;

      (c)      has been placed beyond the jurisdiction of the Court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be subdivided without difficulty;

7

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

CRAIG CARPENITO
United States Attorney

8

CASE NUMBER: 19 - CC - 917 - KSH

## United States District Court
### District of New Jersey

UNITED STATES OF AMERICA

v.

ARTHUR SCHWARTZ

## INDICTMENT FOR

18 U.S.C. § 1343
18 U.S.C. § 2



**CRAIG CARPENITO**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

JONATHAN FAYER
CATHERINE R. MURPHY
*ASSISTANT U.S. ATTORNEYS*
(973) 645-2718/(973) 297-2098